UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 7

Mary Elizabeth Blanding,                            Case No. 18-44848
d/b/a Global Treasure Outlet,
                                                    Hon. Phillip J. Shefferly
        Debtor.
_____/


### ORDER DENYING DEBTOR'S
### MOTION TO WAIVE FILING FEE FOR APPEAL

On April 3, 2018, the Debtor filed this Chapter 7 bankruptcy case pro se. On April 25, 2018, Deutsche Bank National Trust Company filed a motion for relief from the automatic stay of § 362 of the Bankruptcy Code with respect to property located at 19150 Berkeley Rd., Detroit, Michigan 48221. No objections were filed to the motion, either by the Debtor or by any other party in the bankruptcy case. On May 14, 2018, the Court entered an order granting the motion. On May 21, 2018, the Debtor filed a notice of appeal of that order. On the same day, the Debtor filed a motion ("Motion") (ECF No. 32) to waive the filing fee for the appeal.

Bankruptcy fees are governed by 28 U.S.C. § 1930. Section 1930(f)(1) allows for a waiver of the filing fee to commence a case under Chapter 7 if the debtor has income less than 150% of the income official poverty line and is unable to pay the

filing fee in installments. Section 1930(f)(2) authorizes the bankruptcy court to also waive other fees for such debtors.

The Bankruptcy Fee Compendium instructs in Part H. 3. that the fee for filing an appeal is waivable only for an *in forma pauperis* litigant. Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915(a)(1) requires a party seeking a waiver of a fee for a notice of appeal to file an "affidavit that includes a statement of all assets . . . such party possesses" and stating that "the person is unable to pay" the applicable fee. The affidavit must also "state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." Section 1915(a)(3) provides that an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.

To qualify for a waiver, the Debtor must meet the requirements of both 28 U.S.C. § 1930(f) and § 1915. See Walton v. Wheatly Co., 986 F.2d 1423 (Table) (6th Cir. Feb. 19, 1993) (applying § 1915 to a fee waiver for an appeal of a bankruptcy court decision); Carson v. Logan (In re Carson), 983 F.2d 1065 (Table) (6th Cir. Jan. 6, 1993) (taking into account the debtor's financial circumstances, as well as the standard under § 1915, in reviewing an *in forma pauperis* request to waive the fee to appeal a bankruptcy court decision); In re McClendon, 509 B.R. 81 (Bankr.

E.D. Mich. 2014) (assuming without deciding that § 1915 applies, and also taking into consideration whether the debtor qualified for a fee waiver under § 1930(f)).

The Motion states that the Debtor previously received from this Court an order waiving the Chapter 7 filing fee in this case. The Motion further states that the Debtor currently receives $967.00 per month for disability and that this is not enough to cover her monthly expenses. The Motion is not accompanied by an affidavit.

The Motion correctly states that this Court previously approved a waiver of the Chapter 7 fee for the Debtor under § 1930(f)(1). The Court did so based on the application filed by the Debtor and also based on the schedules of assets, liabilities, income and expenses, all signed under oath by the Debtor and filed in her Chapter 7 bankruptcy case. Even though the Debtor did not file a separate affidavit with the Motion, the Court is satisfied that the Debtor has attested under oath to all of the information required by § 1915(a)(1) with respect to her assets and her inability to pay the fee for the appeal.

However, the Motion says nothing about why the Debtor believes she is entitled to redress from the order that granted the motion lifting the automatic stay. Nor does the Motion say what grounds the Debtor believes exist to appeal from such order. That is important because, as noted earlier in this order, the order granting relief from the automatic stay was entered without any opposition from the Debtor. In these

circumstances, where the Debtor did not oppose the relief granted by the order that is the subject of the appeal, and the Motion offers no explanation for the appeal, it is difficult to understand what possible grounds the Debtor could assert on appeal. The Court has no way of knowing whether the appeal now taken by the Debtor is one that is taken in good faith within the meaning of § 1915(a)(3). Therefore, the Court must deny the Motion for failure to comply with § 1915(a)(1). Accordingly,

**IT IS HEREBY ORDERED** that the Motion (ECF No. 32) is denied.

**Signed on June 11, 2018**



/s/ Phillip J. Shefferly
_____
**Phillip J. Shefferly**
**United States Bankruptcy Judge**